NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 24 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUAN ORDONEZ, AKA Antonio Francisco Gonzalez-Ordonez, AKA Alvarao De Los Angeles Hernandez, | No. 18-70447 |
| Petitioner, | Agency No. A205-716-787 |
| v. | MEMORANDUM* |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2023**

Before:     CLIFTON, R. NELSON, and BRESS, Circuit Judges.

Juan Ordonez, a native and citizen of Guatemala, petitions pro se for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his applications for withholding of removal

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We deny the petition for review.

Because Ordonez does not challenge the agency's determinations that he failed to establish eligibility for withholding of removal based on proposed particular social groups related to land ownership and family, we do not address them. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013).

As to Ordonez's claim based on his indigenous identity, we do not disturb the agency's determination that Ordonez failed to establish he suffered harm that rises to the level of persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir. 2003) (persecution is "an extreme concept that does not include every sort of treatment our society regards as offensive" (internal quotation marks and citation omitted)); *see also Flores Molina v. Garland*, 37 F.4th 626, 633 n.2 (9th Cir. 2022) (court need not resolve whether de novo or substantial evidence review applies, where result would be the same under either standard). Substantial evidence supports the agency's determination that Ordonez failed to establish a clear probability of future persecution in Guatemala on this ground. *See, e.g.*, *Nagoulko*, 333 F.3d at 1018 (feared persecution "too speculative" to support asylum claim).

We do not address Ordonez's contentions as to the government being unable or unwilling to protect him because the agency did not deny relief on this ground. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency." (citation and internal quotation marks omitted)).

Thus, Ordonez's withholding of removal claim fails.

Substantial evidence supports the agency's denial of CAT protection because Ordonez failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009) (no likelihood of torture).

**PETITION FOR REVIEW DENIED.**